**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 21-86** |
| **KEINAN NELSON CHAPMAN** | **SECTION: "G"** |

**ORDER AND REASONS**

Pending before the Court is Defendant Keinan Nelson Chapman's ("Chapman") Motion for Early Termination of Supervised Release.[1] Chapman requests that this Court enter an Order terminating his supervised release.[2] The government opposes the motion.[3] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

**I. Background**

On December 8, 2022, Chapman pled guilty to Count One of the Superseding Indictment, which charged him with conspiracy to transport, possess, and sell stolen vehicles.[4] On March 23, 2023, the Court sentenced Chapman to a term of 57 months imprisonment, to be followed by a three-year term of supervised release.[5] Chapman's term of supervised release began on February 22, 2025.[6]

---

[1] Rec. Doc. 261.

[2] *Id.*

[3] Rec. Doc. 157.

[4] Rec. Doc. 262.

[5] Rec. Doc. 203.

[6] Rec. Doc. 261 at 1.

On August 13, 2026, Chapman filed the instant *pro se* Motion for Early Termination of Supervised Release.[7] On August 21, 2026, the government filed an opposition to the motion.[8]

## II. Parties' Arguments

### *A. Chapman's Arguments in Support of the Motion*

Chapman requests that this Court enter an Order terminating his supervised release.[9] Chapman asserts that he has complied with the terms of supervision, maintained employment, fulfilled family obligations, and completed required programming.[10] Therefore, he asserts that early termination of his supervised release is warranted.[11]

### *B. The Government's Arguments in Opposition to the Motion*

The government opposes the motion.[12] The government asserts that Chapman was a ringleader in an extensive multi-state stolen-vehicle enterprise.[13] The government submits that Chapman's conduct falls well short of the exceptional performance or changed circumstances contemplated to terminate supervised release.[14] According to the government, Chapman's motion demonstrates only ordinary compliance, not extraordinary rehabilitation.[15] In addition, the government argues that Chapman's extensive criminal history reinforces the need for continued

---

[7] *Id.*

[8] Rec. Doc. 262.

[9] Rec. Doc. 261.

[10] *Id.* at 1.

[11] *Id.*

[12] Rec. Doc. 262.

[13] *Id.* at 2.

[14] *Id.* at 4.

[15] *Id.*

supervision.[16]

## III. Law and Analysis

Pursuant to 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," after considering the factors set forth in 18 U.S.C. § 3553(a). Among the factors a court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available.[17] Section 3583(e)(1) provides courts with broad discretion in determining whether to terminate supervised release.[18]

Chapman represents that he complied with the terms and conditions of his supervised release for approximately 18 months of the three-year term. In that time, restitution was paid in full, and the Court has not received any noncompliance reports from the supervising Probation Officer. Chapman's performance on supervised release is commendable. However, compliance alone is not sufficient grounds for termination of supervised release. The offense for which Chapman is on supervised release involved serious criminal behavior. Chapman admitted to facts demonstrating that he played an integral role in an extensive stolen-vehicle conspiracy.[19] The need for deterrence and for Chapman's sentence to be comparable to other defendants convicted of

---

[16] *Id.*

[17] *See* 18 U.S.C. § 3553(a).

[18] *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

[19] *See* Rec. Doc. 157.

similar offenses weigh in favor of continued supervised release.

Moreover, Chapman has not argued that any particular hardship will result from completion of the term of supervised release.[20] Therefore, Chapman has not demonstrated that it would be appropriate to terminate supervised release at this time.[21]

Accordingly,

**IT IS HEREBY ORDERED** that Keinan Nelson Chapman's Motion for Early Termination of Supervised Release[22] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 21st day of September, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

[20] *Cf. United States v. Landry*, No. 96-95, 1999 WL 605476 (E.D. La. Aug. 11, 1999) (Fallon, J.) (finding defendant's inability to gain employment in his field as a reason for terminating supervised release).

[21] *See* Fed. Rule Crim. Pro 21.1(c)(2)(B) (hearing is not required where the relief sought is favorable to the person and does not extend the term of probation or supervised release).

[22] Rec. Doc. 261.